IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FELIPE SORIA-NAVARETTE,<br><br>Petitioner,<br><br>v.<br><br>PHIL VALDEZ, Warden,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 06-483-S-EJL<br><br>**MEMORANDUM ORDER** |

Before the Court in this habeas corpus matter are various motions, including Respondent's Motion for Partial Summary Dismissal. The Court finds that decisional process will not be aided by oral argument, and it shall resolve these matters on the written record after consideration of the parties submissions.

Accordingly, the Court enters the following Order.

**I.**

**BACKGROUND**

In July 2001, the State of Idaho charged Petitioner with three felonies stemming from an incident that occurred while he was incarcerated in the Twin Falls County Jail awaiting sentencing on an unrelated conviction for possession of methamphetamine. (State's Lodging A-1, pp. 107-09.) After a jury trial, Petitioner was convicted of one count of aggravated assault on a correctional officer and one count of felony "injury to jail." (State's Lodging A-1, pp. 152-53.) For the aggravated assault conviction, the district court sentenced him to

a unified term of twenty-five years, with the first seven years fixed. For the injury to jail conviction, the court sentenced him to five years, with the first year fixed. The court ordered the sentences to be served concurrently with one another and with Petitioner's sentence in the possession of methamphetamine case. (State's Lodging A-1, pp. 155-61.) Petitioner's motion for reconsideration of his sentences under Idaho Criminal Rule 35 was denied. (State's Lodging A-1, pp. 177-80.)

On appeal, the two cases were consolidated, and Petitioner argued only that the district court had imposed excessive sentences and had abused its discretion in denying the Rule 35 motion. (State's Lodging B-3.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-5, B-8.)

Petitioner next filed an application for post-conviction relief in district court, raising a variety of claims. The court partially granted the State's motion to dismiss, held an evidentiary hearing on the remaining issues, and denied all relief. (State's Lodging C-1, pp. 4-13, 91.)

Petitioner limited his subsequent post-conviction appeal to selected allegations of ineffective assistance of trial counsel. Specifically, he argued that his counsel elicited untrue and damaging evidence related to fingerprinting of weapon used in the assault and failed to impeach the State's key witness with prior inconsistent statements. (State's Lodging D-1, p. 3.) The Idaho Court of Appeals affirmed the district court's order denying relief. (State's Lodging D-3.) Petitioner submitted a petition for review in the Idaho Supreme Court, raising the same issues, but that court declined to review the case. (State's Lodgings D-4, D-5, D-6.)

On November 30, 2006, Petitioner filed his federal habeas petition, raising the following two claims: (1) he alleges that he was denied his right to the effective assistance of counsel; and (2) he asserts that he was denied meaningful access to the courts, based primarily on Idaho's purported failure to provide adequate translation from English to Spanish during state court proceedings. (Docket No. 2.)

The Court will first resolve Petitioner's preliminary motions before turning to Respondent's request to dismiss the second habeas claim as procedurally defaulted.

## II.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Petitioner has now requested the appointment of counsel for the third time. (Docket Nos. 8, 16.) He has offered no persuasive argument for the Court to reconsider its decision, and the motion will be denied.[1]

---

[1] The Court notes that Petitioner appears to have had the assistance of a translator while drafting some of his written submissions. Should this matter require discovery or an evidentiary hearing, the Court will appoint counsel to assist Petitioner, but this case is unlikely to require additional evidentiary development.

**III.**

**PETITIONER'S MOTION TO STAY**

Petitioner next moves the Court to stay this proceeding pending completion of a new Rule 35 motion that he has filed in state district court. In the Rule 35 motion, he argues that the State did not provide him with proper notice that it was seeking a sentencing enhancement based upon his use of a deadly weapon during the assault. (State's Lodging E-1, pp. 1-7.)

A federal district court has the discretion to stay a habeas case pending the exhaustion of additional constitutional claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A stay is appropriate, however, only when the petitioner has established good cause for his failure to exhaust his claims sooner, the claims are not plainly meritless, and there is no indication that the petitioner is abusing the process. *Id*. at 278.

Applying those factors to the present case, the Court finds that a stay would not be appropriate. The claim that Petitioner is currently pursuing in his Rule 35 motion–inadequate notice for the sentencing enhancement–appears to arise solely under state statutory provisions. Federal habeas corpus relief is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). While Petitioner suggests that this claim could also be construed as allegation of ineffective assistance of counsel based on counsel's failure to

correct the error, he has not framed the issue in that manner in state court. (State's Lodging E-1, pp. 1-7.)

More importantly, Petitioner has provided no reason for his failure to raise the claim before now. It also seems to lack merit, as the state court record refutes Petitioner's factual allegation that the prosecutor failed to give him the necessary notice; rather, a complaint was filed in district court alleging the statutory enhancement, and the record shows that the complaint was read to Petitioner before the preliminary hearing. (State's Lodging A-1, pp. 98-102.)

For these reasons, Petitioner's motion to stay shall be denied.

## IV.

## RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL

In his second claim, Petitioner contends that his rights to due process and equal protection of the law were violated because the State did not provide adequate translation assistance during state court proceedings. (Docket No. 2, pp. 2b-2d.) Respondent argues that Petitioner did not fairly present the constitutional issue to the Idaho Supreme Court and that the time to do so has long since passed. The Court agrees, and Respondent's motion to dismiss this claim shall be granted.

1. Standard of Law

A habeas petitioner must first exhaust his state court remedies before presenting a constitutional claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State court remedies have been properly exhausted when the petitioner has raised the claim at each level of the state's appellate review process, giving the state courts a full and fair opportunity to pass on and correct the alleged constitutional error. *Baldwin v. Reese*, 541 U.S. 27 (2004).

When a claim has not been raised, and it is clear that the state court would apply an independent and adequate state procedural ground to dismiss any new action, the petitioner has technically satisfied the exhaustion requirement because no remedies are available in state court, but such a claim is considered to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A federal court cannot hear a procedurally defaulted claim absent a showing of legal cause for the default and actual prejudice, or a compelling showing that the petitioner is probably innocent of the crime. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

2. Discussion

Petitioner has never presented a constitutional claim to the Idaho Supreme Court related to the supposed failure of the State to offer adequate translation assistance from English to Spanish, or a claim related more generally to his inability to understand the state court proceedings. On direct appeal, he argued only that the district court imposed excessive

sentences and abused its discretion in denying his Rule 35 motion.

It is true that during the post-conviction proceeding in *the state district court* Petitioner claimed that he was not able to communicate with his trial counsel effectively due to a language barrier. (State's Lodging C-1, p. 61, 67.) That issue, among others, was the subject of an evidentiary hearing (State's Lodging C-1, pp. 52, 54; State's Lodging C-2, p. 4), but the district court denied relief after finding that Petitioner had failed to point to any specific translation problems that he had with his trial counsel and that Petitioner had shown only minor errors by the translator during the criminal trial. (State's Lodging C-1, p. 19.) Petitioner did not raise this issue again on appeal to the Idaho Court of Appeals, and he did not include it in his petition for review in the Idaho Supreme Court.

Therefore, Petitioner's failure to raise a constitutional issue, at each level of state appellate review, related to his inability to assist his counsel or to understand the proceedings means that the claim has not been fairly presented to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004). Because it is too late to do so now, it is procedurally defaulted.

Petitioner has not offered any reason that would show cause for the default, and the Court has independently reviewed the record and found none. Moreover, it is clear that he had the assistance of a Spanish-speaking attorney during the post-conviction matter, a translator during the evidentiary hearing, and new counsel for the post-conviction appeal.

The Court presumes that the translation claim was not presented on appeal because counsel reviewed the district court's ruling and concluded that the issue did not have merit.

Although Petitioner contends that his "actual innocence" should excuse the default, he has not come forward with any new reliable evidence that would prove this claim, and he instead repeats arguments that were rejected by the jury at his trial. *See Schlup v. Delo,* 513 U.S. 298, 315, 324 (1995)(to excuse a procedural default based on a fundamental miscarriage of justice, the petitioner present "new reliable evidence . . . that was not presented at trial").

Accordingly, the second claim in the Petition shall be dismissed as procedurally defaulted.

**V.**

**PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

Petitioner has filed a "Motion to Contradict Evidence and/or Rebut Matters on Appeal Rule 56," which appears to be in the nature of a summary judgment motion. (Docket No. 26.) To the extent that Petitioner argues in this pleading that he is innocent of aggravated assault, this Court has already addressed that matter. To the extent that Petitioner is seeking summary judgment on the merits of his habeas claims, such a motion is premature as to his first claim and moot as to his second claim, which is procedurally defaulted. Petitioner will have an opportunity to brief the merits of his first claim after the State has filed an answer to his Petition.

## VI.

## OTHER MOTIONS

Petitioner has also submitted a number of additional motions that are vague, moot, or otherwise lacking in merit. First, the Court has already granted him leave to proceed in forma pauperis, and his new motion seeking such status is moot.

Next, in his "Motion for Petition for Review" and a "Motion for Rehearing," Petitioner appears to ask this Court to "review" and "rehear" the state court's decision. If Petitioner intended to file these motions in this Court instead of the state courts, which is not entirely clear, they will be denied; he may only seek relief from the state court's judgment through the normal processing of his habeas corpus petition.

Finally, Petitioner has submitted a "Motion to Amended [sic] Complaint Filed by Respondent." (Docket No. 35.) Here, Petitioner seems to respond to Respondent's Motion for Partial Summary Dismissal, and the Court has taken his arguments into consideration when ruling on Respondent's Motion. But Petitioner also appears to request the Court to consider additional evidence and documents, which he does not specify. This request shall be denied without prejudice to renew after the State has filed its answer.

The Court notes for Petitioner's benefit that Respondent has supplied the Court with a copy of the full state court record, which includes the transcripts and documents that were part of the direct and post-conviction appeals, and Petitioner need not submit duplicate documents that already part of this record. If he wishes to have the Court consider evidence that is not in the state court record, he should refer to Rule 7 of the Rules Governing Section

2254 Cases and 28 U.S.C. § 2254(e)(2) before filing a proper motion indicating with specificity which documents he wishes to include in the record.

**VII.**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED:

1. Respondent's Motion for Partial Summary Dismissal (Docket No. 9) is GRANTED, and the second claim in the Petition for Writ of Habeas Corpus is DISMISSED;

2. Petitioner's Motion to Proceed In Forma Pauperis (Docket No. 18) is DISMISSED as MOOT.

3. Petitioner's Motion for Petition for Review (Docket No. 20) and Petitioner's Motion for Rehearing (Docket No. 21) are DENIED;

4. Petitioner's Motion and Affidavit in Support For Appointment of Counsel (Docket No. 22) is DENIED;

5. Petitioner's Motion to Contradict Evidence and/or Rebut (Docket No. 26) is DENIED without prejudice;

6. Petitioner's Motion to Stay (Docket No. 29) is DENIED;

7. Petitioner's Motion to Amend Respondent's Complaint (Docket No. 35), construed as a Motion for Summary Judgment, is DENIED without prejudice;

8. No later than November 5, 2007, Respondent shall file an answer to the Petition in accordance with Rule 5 of the Rules Governing Section 2254

Cases. By that same date, Respondent shall file any dispositive motions, such as a motion for summary judgment. Petitioner shall file a response on or before December 5, 2007. Respondent's optional reply is due on or before December 21, 2007. Briefing in support of or in opposition to a motion for summary judgment shall address the merits of the remaining claim under appropriate legal standards.

DATED: **September 5, 2007**

Honorable Edward J. Lodge
U. S. District Judge