IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FELIPE SORIA-NAVARRETE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 06-483-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| PHIL VALDEZ, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter are the parties' motions for summary judgment. (Docket Nos. 39, 46.) The Court finds that decisional process will not be aided by oral argument, and it shall resolve these matters on the written record. D. Idaho L. Civil R. 7.4(d). For the reasons set forth more fully below, the Court will grant Respondent's motion and deny Petitioner's motion.

## BACKGROUND

In July 2001, the State of Idaho charged Felipe Soria-Navarrete with three felonies stemming from an incident that occurred while he was incarcerated in the Twin Falls County Jail awaiting sentencing on an unrelated conviction. (State's Lodging A-1, pp. 107-09.) The Idaho Court of Appeals recited the relevant facts as follows:

> While Soria Navarrete was incarcerated, an officer became suspicious after hearing pounding noises emanating from Soria-Navarrete's cell. Upon entering the cell, the officer witnessed a large hole in a brick forming part of the cell's wall. The officer ordered Soria-Navarrete to gather his belongings. Soria-Navarrete then allegedly reached under his mattress, retrieved a concealed metal bar he had acquired from the exercise area, and assaulted the

**MEMORANDUM ORDER - 1**

officer.   The officer intercepted the bar and confiscated it from Soria-Navarrete.  The officer then searched the cell and fo und an eight-inch long bolt with concrete dust on it.  Soria-Naverrette finished collecting his things and was escorted from the cell.

(State's Lodging D-3, p. 1.)

After a jury trial, Soria-Navarrete was convicted of one count of aggravated assault on a correctional officer and one count of felony "injury to jail."  (State's Lodging A-1, pp. 152-53.)  The district court sentenced him to a controlling term of twenty-five years, with the first seven years fixed.  (State's Lodging A-1, pp. 155-61.)  His motion for reconsideration of his sentences, filed pursuant to Idaho Criminal Rule 35, was denied.  (State's Lodging A-1, pp. 177-80.)

On appeal, Soria-Navarrete argued that the district court had imposed excessive sentences and had abused its discretion in denying the Rule 35 motion.  (State's Lodging B-3.)  The Idaho Court of Appeals affirmed, and the Idaho Supreme Court declined to review the case.  (State's Lodgings B-5, B-8.)

Soria-Navarrete next filed an application for post-conviction relief in district court, raising a variety of claims.  The state court granted the State's motion to dismiss in part, held an evidentiary hearing on the remaining issues, and denied all relief.  (State's Lodging C-1, pp. 4-13, 91.)  Soria-Navarrete limited his subsequent appeal to selected allegations of ineffective assistance of trial counsel.  In particular, he claimed that his trial counsel elicited untrue testimony that the metal bar used in the assault could not be tested for fingerprints and failed to impeach the State's key witness, a correctional officer, with his prior inconsistent

**MEMORANDUM ORDER - 2**

statements.  (State's Lodging D-1, p. 3.)

In rejecting Soria-Navarrete's claim on the fingerprint issue, the Idaho Court of Appeals noted that "testimony of a fingerprint analysis in this case would have either demonstrated that Soria-Navarrete touched the metal bar or would be inconclusive, neither of which would have advanced his defense."  (State's Lodging D-3, p. 4.)  The Court of Appeals also turned aside Soria-Navarrete's claim that his attorney failed to use the inconsistent statements of the officer, determining that "the difference between the officer's preliminary hearing testimony and trial testimony are so minor that we cannot conclude there is a reasonable probability of a different outcome."  (State's Lodging D-3, p. 5.)  The Idaho Supreme Court denied Soria-Navarrete's petition for review of the Court of Appeals' decision.  (State's Lodgings D-3, D-4, D-5, D-6.)

On November 30, 2006, Soria-Navarrete filed his federal habeas petition, raising two claims of constitutional error.  This Court previously granted Respondent's motion to dismiss the second claim, and the only issue that remains is the ineffective assistance of counsel claim that was resolved by the Idaho Court of Appeals.  (Docket No. 38, p. 10.)

Respondent has filed his answer, and both parties have filed motions for summary judgment.  The Court has reviewed these pleadings and is now ready to issue its decision.

## STANDARD OF LAW

The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases.  Under Rule 56(c) of the Federal

**MEMORANDUM ORDER - 3**

Rules of Civil Procedure, summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  *Id*.  In general, summary judgment is not inconsistent with habeas practice and procedure*, see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment in a habeas case must be reviewed in light of the substantive provisions of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires a federal court to defer to reasonable state court adjudications on the merits of constitutional claims.  Accordingly, an application for writ of habeas corpus shall not be granted unless the state court's adjudication of a claim either:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)&(2).

Section 2254(d)(1) contains a "contrary to" and an "unreasonable application" clause, each with an independent meaning.  To show that a decision is "contrary to" federal law, a petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent."  *Williams*

**MEMORANDUM ORDER - 4**

*v. Taylor*, 529 U.S. 362, 404-06 (2000).

Under the "unreasonable application" clause, the petitioner must establish that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Id.* at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the state court decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Although the controlling federal law is derived from the holdings of United States Supreme Court cases, a federal court may look to lower court cases for persuasive guidance as to what is a reasonable interpretation of the law. *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

Section 2254(d)(2) is applicable to a review of a state court's factual findings. Under that subsection, the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id.* If a petitioner wishes to rebut state court findings of fact by extrinsic evidence, he must come forward with clear and convincing evidence that a finding was incorrect. 28 U.S.C § 2254(e)(2).

**MEMORANDUM ORDER - 5**

## CLEARLY ESTABLISHED FEDERAL LAW

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set out the proper test to be applied to claims alleging inadequate representation under the Sixth Amendment. To succeed on such a claim, the petitioner must show that his counsel's performance was deficient and that the deficiency was prejudicial.

The first element of the *Strickland* test requires a showing that counsel's representation fell below an objective standard of reasonableness, measured under prevailing professional norms. *Id*. at 687. In making that assessment, the court must indulge in the strong presumption that counsel's conduct fell within the wide range of competent professional assistance. *Id* at 689.

To show prejudice, the petitioner must establish that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

## DISCUSSION

In addressing Soria-Navarrete's allegations, the Idaho Court of Appeals recognized and cited the test announced in *Strickland*. (State's Lodging D-3, p. 3.) Therefore, its decision is not "contrary to" clearly established federal law. The remaining question is whether it unreasonably applied that law to the facts of this case. This Court concludes that it did not.

First, the state court determined correctly that even if trial counsel had tested the metal

**MEMORANDUM ORDER - 6**

bar for fingerprints, and had that test shown that Soria-Navarrete's prints were not present on the weapon, such evidence would have been inconclusive. Indeed, Soria-Navarrete's own expert witness at the post-conviction evidentiary hearing testified that although the item could be tested for prints, varying conditions still might have caused no prints to be found. In other words, the absence of Soria-Navarrete's fingerprints would neither rule in nor out whether he handled the metal bar. For this reason, there is no reasonable probability of a different outcome even if counsel addressed this issue in that manner that Soria-Navarrete now believes he should have.

Next, Soria-Navarrete contends that his counsel was ineffective because he did not impeach the officer with his conflicting statements as to which hand he had used to stop the metal bar from hitting him in the head. At the preliminary hearing, the officer claimed that he thwarted the attack with his right hand; at trial he testified that he used his left hand. This Court agrees with the Idaho Court of Appeals that the inconsistency went to such a minor point that counsel's failure to bring it up was neither deficient nor prejudicial. This is particularly true in light of the officer's otherwise consistent testimony about the events and his uncontradicted claim that he did not have any previous negative interaction with Soria-Navarrete and had no reason to make up this story. (State's Lodging A-2, p. 83.) Soria-Navarrete's subsidiary argument that the officer's testimony was unbelievable because his actions after the attack did not comport with proper procedure is not persuasive.

Accordingly, this Court concludes that the Idaho Court of Appeals's adjudication of the Sixth Amendment claim was neither contrary to nor an unreasonable application of

**MEMORANDUM ORDER - 7**

clearly established federal law.  Relief shall be denied, and this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 39) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Summary Judgment (Docket No. 46) is DENIED.

DATED:  **March 27, 2008**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 8**